**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 19, 2005[*]
Decided May 19, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-1246

| | |
|---|---|
| WILLIE FISHER, | Appeal from the United States |
|     *Plaintiff-Appellant,* | District Court for the Central |
| | District of Illinois |
|     *v.* | |
| | No. 04-1202 |
| MITSUBISHI MOTORS NORTH | |
| AMERICA, INC., | Michael M. Mihm, |
|     *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Willie Fisher filed this suit against his former employer, Mitsubishi Motors North America, Inc., alleging that the company retaliated against him for filing a previous lawsuit accusing the company of racial discrimination.  But as part of Fisher's separation agreement when he left his job at Mitsubishi he agreed to relinquish "any and all claims for injury and/or damage of any nature, including any claim of employment discrimination that he currently has or has had against the Company."  This release, in exchange for which Fisher accepted $107,000 that he has not offered to return, plainly encompasses the retaliation claim at issue in

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

this litigation.  Yet Fisher argued in the district court that he should not be bound by the release because he signed the separation agreement under duress.  The district court granted summary judgment for Mitsubishi, concluding as relevant here that Fisher could not reasonably persuade a jury that he was pressured into executing the separation agreement.  Fisher now appeals and we affirm.

Fisher's sole argument on appeal is that the district court erred when it found, based on the undisputed evidence, that the separation agreement barred this lawsuit.  Fisher contends that the agreement was signed under duress because he was "under a lot of financial stress" at the time he signed it and because no attorney ever "advised [him] legally or had any dealings with" the agreement.  The validity of the agreement is a matter of contract law, and we accept the parties' presumption that Illinois law should apply because negotiations took place there.  *See Boomer v. AT&T Corp.*, 309 F.3d 404, 414 n.4 (7th Cir. 2002).  To establish duress under Illinois law, Fisher would have to show that he was "induced by a wrongful act or threat of another to make a contract under circumstances which deprive him of the exercise of his free will."  *Kaplan v. Kaplan*, 182 N.E. 2d 706, 709 (Ill. 1962); *see Curran v. Kwon*, 153 F.3d 481, 489 (7th Cir. 1998).  Fisher does not point to evidence of any specific act or threat on Mitsubishi's part; his complaint is merely that he had a weak bargaining position, which is insufficient to establish duress.  *See Castellano v. Wal-Mart Stores, Inc.*, 373 F.3d 817, 820 (7th Cir. 2004).  And although Fisher also claims that Mitsubishi's counsel "lied to [him] about the terms of the release," the terms were clearly and unambiguously spelled out within the release itself.  Under Illinois law, misrepresentations are not a defense to the enforcement of an agreement when the parties had the opportunity to read the contract and could have discovered the misrepresentations by doing so.  *See Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 569 (7th Cir. 1995).  The district court did not err in concluding that Fisher's claim was barred by the settlement agreement.

Accordingly, we AFFIRM the judgment of the district court.